IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DREW TURNER,

        Petitioner,

                                CIVIL ACTION
   vs.                          No. 10-3260-RDR

C. CHESTER,


        Respondent.



MEMORANDUM AND ORDER


This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. In this action, petitioner asserts the Bureau of Prisons (BOP) has categorically denied him immediate placement in a Residential Reentry Center (RRC) to complete his federal sentence.

**Facts**

Petitioner is incarcerated at the USP-Leavenworth satellite camp serving a 97-month aggregated sentence imposed in July 2006 in the United States District Court for the Western District of Missouri. His projected release date is August 24, 2012.

BOP officials evaluated petitioner at program reviews conducted in June 2010 and December 2010. At these reviews, they determined petitioner's assignment to the USP-Leavenworth

satellite camp is appropriate in light of the governing factors. At the June review, BOP officials found no policy grounds to support petitioner's request for an immediate transfer from his camp placement to an RRC. At the December review, BOP officials considered petitioner's need for pre-release RRC placement and found, using the five factors identified in P.S. 5100.08, that 180 days in an RRC was sufficient. (Doc. 8, Attach. 2, Exs. D-E.)

At petitioner's February 2011 program review, his Unit Team again found that 180 days in an RRC placement was adequate. The document prepared at that time noted the types of pre-release resources petitioner is expected to require, the nature of his offense, his participation in classes during his incarceration, his payment of a felony assessment, his above-average work reports, his completion of some drug abuse treatment classes, his disciplinary history, and his criminal record; and both the recommendation of the sentencing court that petitioner participate in the Residential Drug Abuse Treatment Program and the lack of evidence that petitioner had done so. *(Id*., Ex. F.)

**Regulatory Framework**

The BOP determines a prisoner's suitability for placement in an RRC through the application of regulations and agency policies. Two statutes govern the BOP's authority to place a

prisoner in an RRC, namely, 18 U.S.C. § 3621(b) and 18 U.S.C. §3624(c).

Generally, § 3621 allows the BOP to designate the place of a prisoner's incarceration during a term of imprisonment, while § 3624 allows a prisoner preparing for reentry to be placed in an RRC or in home confinement during the final months of a sentence.

Prior to the enactment of the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), § 3624(c) required the BOP to:

> to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. 18 U.S.C. §3624(c)(West 2008).

Following the enactment of the Second Chance Act on April 9, 2008, § 3624(c) was amended to provide that the BOP should:

> to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act, therefore, expanded the BOP's discretion to allow placement of a prisoner nearing release into

3

a community correctional setting for a longer time.

On April 14, 2008, the BOP issued an agency memorandum that addressed the Second Chance Act, an expanded prerelease placement of up to 12 months, the need for an individualized assessment, and general procedures to evaluate placements.

On November 14, 2008, the BOP issued its next memorandum on this matter.  The memorandum provides staff with guidance for RRC placements where more than 12 months remain from an applicant's projected release date and states that a review for RRC placement should take place at a prisoner's scheduled Program Review.  Staff should consider five factors identified in agency policy to evaluate the prisoner's suitability for placement in a facility, namely, (1) the resources of the facility; (2) the nature and surrounding circumstances of the prisoner's criminal offense; (3) the prisoner's history and characteristics; (4) any relevant statements by the sentencing court concerning the sentence and type of facility recommended; and (5) relevant policy of the Sentencing Commission.  Program Statement 5100.08, *Inmate Security Designation and Custody Classification* (P.S. 5100.08).

Following the passage of the Second Chance Act, the BOP promulgated new rules, *see* 28 C.F.R. §§ 570.20-570.22, and issued a new guidance memorandum to staff.  (Doc. 8, Attach. 2,

Ex. B.)

## Discussion

Respondent opposes the application for habeas corpus on four grounds, namely, (1) the court lacks subject matter jurisdiction over the petition; (2) petitioner is not entitled to relief on his claims; (3) petitioner's argument that the November 14, 2008, memorandum directs categorical denial of RRC placement is flawed; and (4) petitioner's claim that he was not reviewed for placement under the five factors of § 3621(b) is in error.

*Subject matter jurisdiction*

Respondent argues this matter is not properly before the court in habeas corpus because petitioner challenges not the duration of his confinement, but where he will serve such confinement.

Section 2241 of Title 28 of the United States Code provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, "[p]etitions under § 2241 are used to attack the execution of a sentence ... [and] the fact or duration of a prisoner's confinement...." *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811-12 (10th Cir. 1997) (citations omitted).

While ordinarily a challenge to a prisoner's conditions of confinement should be presented in a civil rights action, there is authority that in some circumstances, a prisoner's challenge to the location of confinement may be cognizable in habeas corpus. The courts that have reached this conclusion in challenges similar to that presented here cite to the significant difference between placement in a residential reentry center and incarceration to conclude that the decision regarding eligibility for transfer to an RRC implicates the execution of a prisoner's sentence. *See, e.g., Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005)("community confinement is qualitatively different from confinement in a traditional prison"); *Levin v. Apker*, 455 F.3d 71 (2d Cir. 2006)(petitioner's challenge to denial of placement in CCC "not an attack on the lawfulness of his sentence, but rather an attack on the execution of his sentence, and as such is governed by § 2241"); *Crim v. Benov*, 2011 WL 1636867 (E.D. Cal. 2011)(challenge to alleged failure by BOP to interpret and apply the Second Chance Act was challenge to "the execution of his sentence...maintainable only in a habeas corpus proceeding"); and *Kraft v. Cruz*, 2010 WL 882993 (N.D. Tex. 2010)(finding action to contest placement of only 30-60 days in RRC cognizable under § 2241).

While it does not appear the Tenth Circuit has squarely addressed this question, it has considered similar challenges in habeas corpus without comment on the nature of the remedy. See, e.g., *Daybell v. Davis*, 366 Fed. Appx. 960 (10th Cir. 2010), and in *Torres-Villa v. Davis*, 354 Fed. Appx. 311 (10th Cir. 2009)(affirming dismissals of habeas corpus actions alleging improper denials of transfers to lower-security placements without reference to the use of § 2241 to present these challenges).

Having considered these authorities, the court concludes an action under § 2241 is the proper means to challenge the denial of RRC placement. The transfer in question is considerably different from the transfer of a prisoner between essentially similar correctional facilities, and the characterization of this matter as a habeas corpus action is consistent with established case law. *See Preiser v. Rodriguez*, 411 U.S. 475, 486 (1974)(unlawful confinement "in the wrong institution" is within § 2241) and *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)(prisoner's claim "focusing on where his sentence will be served, seems to fit better under the rubric of § 2241").

*Merits of plaintiff's claims*

Respondent contends that the only relief the court could order is to direct the BOP to consider petitioner's suitability

for placement under the five factors set forth in 18 U.S.C. §3621(b). Respondent argues that because the BOP's decision regarding petitioner was reasonable and applied the proper analysis, the decision should not be disturbed.

Generally, habeas corpus relief may be granted pursuant to § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). In the context of challenges to the length of a prisoner's placement in an RRC, the relief which may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007)(affirming grant of writ but taking no position on transfer itself; BOP was required to consider factors set forth in §3621(b) and determine whether transfer should be made) and *Woodall v. Federal Bureau of Prisons*, 432 F.3d 234, 251 (3d Cir. 2005)(appropriate remedy was order requiring BOP to consider petitioner's transfer under appropriate criteria, including § 3621 factors).

Thus, the scope of review in this matter is limited, and the core inquiry is whether the BOP properly interpreted and applied federal law in assessing petitioner's suitability for

placement in an RRC.  Here, the record reflects that during both petitioner's December 2010 program review and during his February 11, 2011, review, his Unit Team conducted an individualized review that reflect the application of the five factors under § 3621(b).  (Doc. 8, Attach. 2, Ex. E, December 17, 2010, inmate skills development program, and Ex. F, February 11, 2011, Review for Residential Reentry Center.)

Finally, while petitioner urges that he did not request consideration under the Second Chance Act, the record shows that BOP officials considered his request for immediate transfer as early as the June 2010 review and at subsequent reviews considered his eligibility for prerelease transfer pursuant to the Second Chance Act.  Despite petitioner's preference for an earlier transfer to an RRC, the record shows no grounds to disturb the decisions of the BOP.  Petitioner has been provided the individualized consideration to which he is entitled, and the BOP applied the proper factors in determining the length of his placement in an RRC.  Accordingly, the court concludes no additional remedy is available.

*Categorical denials under the November memorandum*

Petitioner appears to argue the November 2008 memorandum issued by the BOP directs staff to categorically deny requests for immediate RRC placement.  As respondent points out, however,

the Tenth Circuit has rejected this claim. In *Ciocchetti v. Wiley*, 358 Fed. Appx. 20, 2009 WL 4918253 (10th Cir. 2009), a federal prisoner sought habeas corpus relief, alleging that BOP policies and regulations violated federal law by allowing the categorical denial of certain inmates' requests for transfer to RRCs or CCCs. The court described the April 2008 and November 2008 memoranda as follows:

> As its memoranda clearly indicate, the BOP recognizes its authority to place inmates in RRCs and/or CCCs for periods of time exceeding six months; instructing BOP staff to individually consider each request for a transfer based on the factors set forth in § 3621(b) regardless of the time remaining on the requesting inmate's sentence. Further, the fact that the regional BOP director must approve any inmate's assignment a RRC or CCC which is greater than six months in duration, is of no consequence because this requirement in no way demonstrates a policy of categorical denial. 2009 WL 4918253, *3.

To the extent petitioner seeks relief on a claim that the BOP memoranda foster the categorical denial of RRC placement, the *Ciocchetti* decision is controlling authority, and petitioner's claim must be denied.

*Review under § 3621(b) and mootness*

Finally, respondent seeks the dismissal of this matter on the ground of mootness, as the record demonstrates petitioner's request has been considered by the five factors under § 3621(b). As discussed, the court has determined the BOP properly applied

10

the factors in considering petitioner's placement.

"Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual, ongoing cases or controversies." *Seneca-Cayuga Tribe v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1028 (10th Cir. 2003), *cert. denied,* 540 U.S. 1218 (2004). The federal courts may review only actual cases or controversies, and "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 67 (1997)(quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Board of Comm'rs,* 568 F.3d 784, 794 (10th Cir. 2009)(internal quotations omitted).

Because the record shows that petitioner was given the required individualized evaluation, the court agrees there is no basis for additional relief and that this matter is moot.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion to expedite (Doc. 10) is denied as moot.

Copies of this order shall be transmitted to the parties.

11

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 13th day of July, 2011.




                         S/ Richard D. Rogers
                         RICHARD D. ROGERS
                         United States Senior District Judge